**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RASHAWN DALE,<br><br>Plaintiff,<br><br>v.<br><br>SCI COAL TWP/DOC, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:26-cv-02665<br><br>(SAPORITO, J.) |

**MEMORANDUM**

Rashawn Dale, a prisoner at SCI-Coal Township, has filed a complaint against five defendants arising from an incident in which he was allegedly abused by officers at the prison. (Doc. 1). Dale will be permitted to proceed on an Eighth Amendment excessive force claim against defendant Arthur Rodriguez, but his remaining claims will be dismissed, and his request for appointment of counsel will be denied without prejudice.

## I. BACKGROUND

In brief, Dale's complaint (Doc. 1) alleges as follows: On October 20, 2024, Dale became engaged in an argument with correctional officers about whether his cell should be double-locked. Dale asked "CO Banks" (who is not named a defendant) to "call a psych" because Dale was

becoming "overwhelmed," but Banks "ignored" this request. Another officer, defendant Rodriguez[1], approached; Dale asked Rodriguez to call a psych, but Rodriguez refused and said: "Everybody want to play the psych game. I'm not calling no f[***]ing psych."

Dale's description of what followed is unclear, but he alleges that "all of the other defendants" began to surround him. Rodriguez allegedly said: "Get on the ground [before] I beat the sh[*]t out you." When Dale "said 'why'," Rodriguez allegedly sprayed Dale with OC spray. At this point, "every CO on the top tier started assaulting" Dale. He claims that an officer grabbed and twisted his testicles, causing unbearable pain. He further alleges that he passed out from the assault, and when he woke up, he was bleeding from his nose, mouth, and forehead.

Dale asserts Eighth Amendment excessive force claims, and what he describes as "due process" claims premised on the officers' failure to call a psych when he requested one. He names four individual defendants (Rodriguez, Joseph Shear, Donald Pascavage, and Melanie Wood), and a

---

[1] In the body of his complaint, Dale identifies this defendant as "Defendant #4." We infer that he is referring to Rodriguez, because in the "Parties" section of the complaint form, Rodriguez is listed as "Defendant 4." *See* (Doc. 1 at 3).

fifth defendant he labels as "SCI-Coal Township/DOC."

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *id.* § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing screening procedures and standards).

The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. "Under Rule 12(b)(6), a

motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Dale is asserting claims under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a Section 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Further, "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As explained by the Third Circuit Court of Appeals:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

## III. Discussion

As an initial matter, Dale cannot assert Section 1983 claims against SCI-Coal Township or the Pennsylvania Department of Corrections, because those entities are not "persons" under Section 1983, and are immune from suit. *See*, *e.g.*, *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017); *Beckett v. Pennsylvania Dep't of Corr.*, 597 F. App'x 665, 667 (3d Cir. 2015); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012). The claims against them will be dismissed with prejudice.

As for the individual defendants, a prisoner-plaintiff can assert an Eighth Amendment excessive force claim premised on a prison officer's "unnecessary and wanton infliction of pain." *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Dale asserts a viable Eighth Amendment excessive force claim against defendant Rodriguez; however, he has not alleged facts showing that any other named defendant was personally involved. Dale cannot sustain claims against these defendants with conclusory allegations that he was

assaulted by "all the defendants listed."[2] *See* (Doc. 1 at 4); *S.A. v. Pennsylvania Dep't of Corr.,* No. 1:24-CV-00343-SPB-RAL, 2025 WL 4303808, at *5 (W.D. Pa. Oct. 21, 2025); *Plessinger v. PrimeCare Med., Inc.*, No. 1:23-CV-00519-SHR, 2024 WL 1094691, at *3 (M.D. Pa. Mar. 13, 2024) ("A [complaint] that fails to allege specific personal involvement of individual defendants in constitutional violations and instead makes the allegations against all defendants will not suffice.") (quotation and citations omitted).

Dale has not stated a plausible legal claim based on officers' alleged refusal to "call a psych." When a prisoner is denied access to medical care, he can state an Eighth Amendment claim by alleging facts that show (1) a serious medical need; (2) that the defendant was deliberately indifferent to that need; and (3) that the deliberate indifference caused harm to the plaintiff. *See Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023). This standard does not give Dale the constitutional right of immediate access to a psychologist or psychiatrist on demand. Dale alleges that he had "started to become overwhelmed" during the incident

[2] Dale also alleges that "every CO on the top tier" participated in the assault, but he does not allege that Wood, Shearn, or Pascavage were working on the "top tier" at the time of the incident.

in question, but he has not alleged facts showing that any defendant believed he required immediate mental health care as a matter of medical necessity. If anything, Rodriguez's remark that "everybody want[s] to play the psych game" indicates that he believed Dale did not need it. *See* (Doc. 1-4); *Brooks v. Kyler*, 204 F.3d 102, 105 n.4 (3d Cir. 2000) ("There was no evidence that the officers who did not immediately grant his request for a doctor thought that Brooks needed immediate medical treatment . . .").

Accordingly, Dale may proceed on an Eighth Amendment excessive force claim against Rodriguez, but all other claims will be dismissed. The claims against the other individual defendants will be dismissed without prejudice, meaning that if discovery reveals additional facts supporting claims against these or other defendants, Dale may seek leave to amend the complaint.

## IV. APPOINTMENT OF COUNSEL

Dale has requested appointment of *pro bono* counsel. (Doc. 5). A plaintiff has no constitutional or statutory right to appointed counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Under the *in forma pauperis* statute, however, a federal court may

request that an attorney represent an indigent party on a *pro bono* basis. *See* 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

Appointment of volunteer counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58. The appointment of *pro bono* counsel to represent an indigent civil litigant "is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice," such as the litigant's "probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 498-99. If the plaintiff overcomes this threshold hurdle, the court considers these factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf[3];

[3] Dale will be granted leave to proceed *in forma pauperis*, so this factor is deemed to be "presumptively fulfilled." *See* (Doc. 2); *Woodham v.*
*(continued on next page)*

5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

*Id.* at 499 (citing *Tabron*, 6 F.3d at 155-57).

Assuming for purposes of the motion that the case has arguable merit[4], Dale has not shown that appointment of counsel is warranted at this stage. Dale claims that he "can prove that this abuse happen[ed]" but needs legal assistance because he is in solitary confinement and "not competent enough" to represent himself. He does not specifically explain how he can prove his claim or why he cannot do so without a lawyer. While he would likely benefit from a lawyer, the circumstances Dale describes are like those of many other *pro se* prisoners who request appointment of counsel, and the Court is unable to appoint *pro bono* counsel for every prisoner in this situation. *See Tabron*, 6 F.3d at 157.

At this early stage, it is not clear how complex the disputed issues are and whether a credibility determination or expert testimony is

---

*Sayre Borough Police Dep't*, 191 F. App'x 111, 116 (3d Cir. 2006).

[4] Dale's unverified allegations have survived a screening review, but he has not yet presented any evidence supporting the allegations.

needed. At any time, Dale can renew his motion by specifically explaining what he is unable to do and presenting evidence demonstrating that his case has arguable merit. Without these details, Dale has not yet shown that this is a "special circumstance" in which the appointment of counsel is warranted.

## V. CONCLUSION

For the foregoing reasons, Dale will be permitted to proceed on an Eighth Amendment excessive force claim against defendant Rodriguez, but his remaining claims will be dismissed, and his request for appointment of counsel will be denied without prejudice. An appropriate order follows.

Dated: September 28, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge